| | | |
|---|---|---|
| **TIMOTHY L. JARQUIN** | * | **NO. 2019-CA-0309** |
| **VERSUS** | * | **COURT OF APPEAL** |
| **DANNY R. BLANKS,** | * | **FOURTH CIRCUIT** |
| **INDIVIDUALLY AND IN HIS** | | |
| **CAPACITY AS A MEMBER** | * | **STATE OF LOUISIANA** |
| **AND MANAGER OF** | | |
| **PONTCHARTRAIN** | * * * * * * * | |

**DANNY R. BLANKS, INDIVIDUALLY AND IN HIS CAPACITY AS A MEMBER AND MANAGER OF PONTCHARTRAIN PARTNERS, L.L.C.; BARLOW J. COOK, INDIVIDUALLY AND IN HIS CAPACITY AS A MEMBER OF PONTCHARTRAIN PARTNERS, L.L.C.; JAMES R. WASHINGTON, III, INDIVIDUALLY AND IN HIS CAPACITY AS A MEMBER OF PONTCHARTRAIN PARTNERS, L.L.C.; AND MARY LEBLANC, INDIVIDUALLY AND IN HER CAPACITY AS DIRECTOR OF HUMAN RESOURCES OF PONTCHARTRAIN PARTNERS, L.L.C.**

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-10461, DIVISION "G-11"
Honorable Robin M. Giarrusso, Judge
* * * * * *
**Judge Regina Bartholomew-Woods**
* * * * * *
(Court composed of Judge Terri F. Love, Judge Regina Bartholomew-Woods, Judge Paula A. Brown)

**ON APPLICATION FOR REHEARING**

Stephen D. Marx
P.J. Stakelum III
CHEHARDY, SHERMAN. WILLIAMS, RECILE, STAKELUM & HAYES, L.L.P.
One Galleria Boulevard, Suite 1100
Metairie, LA 70001

      COUNSEL FOR PLAINTIFF/APPELLEE

Jason R. Anders
ANDERS LAW FIRM
650 Poydras Street, Suite 1400
New Orleans, LA 70130

COUNSEL FOR DEFENDANT/APPELLANT

**LIMITED REHEARING GRANTED
SEPTEMBER 11, 2019**

On application for rehearing, Timothy Jarquin, Appellee, seeks amendment of this Court's August 21, 2019 opinion. Appellant, Pontchartrain Partners, L.L.C, had appealed the district court's December 27, 2018 judgment denying its motion to quash, arguing that Appellee, who had filed a subpoena *duces tecum*, was seeking information protected by the attorney-client privilege. On appeal, this Court vacated the district court's judgment and remanded for additional analysis of the attorney-client privilege claim.

We grant Appellee's application for rehearing for the limited purpose of clarifying that our prior opinion vacating the judgment is directed only to that portion of the judgment denying the motion to quash despite an arguable claim of attorney-client privilege to the information sought. In all other respects, the original judgment shall stand, as Appellant did not raise any other claims on appeal apart from privilege.